# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1892, IN THE SEVENTY-SEVENTH YEAR OF THE STATE.

---

No. 15,513.

THE FORT WAYNE, CINCINNATI AND LOUISVILLE RAILROAD COMPANY v. GRUFF.

RAILROAD.—*Action for Personal Injuries.*—*Complaint.*—*Averments as to Contributory Negligence.*—In an action against a railroad company to recover damages for personal injuries, it must affirmatively appear from the averments of the complaint that the injured party himself was without fault. This may be by the simple general averment that he was without fault, or there may be such a statement of facts without any such general averment as will be sufficient.

SAME.—*Foreign Car.*—*Duty of Employee to Inspect.*—If the employee of a railroad company is injured by reason of defects in a car transferred to said company by another railroad, and by the rules of the company known to said employee, it is his duty to inspect said car; he can not recover for injuries caused simply by his failure to make the inspection.

From the Allen Circuit Court.

*R. C. Bell* and *S. R. Morris*, for appellant.

—— *Holland*, —— *Lamb*, *L. M. Ninde* and *A. A. Purman*, for appellee.

( 13 )

The Fort Wayne, Cincinnati and Louisville Railroad Co. *v.* Gruff.

McBRIDE, C. J.—The first question presented for our consideration in this case is the sufficiency of the complaint. The appellee, while in the service of the appellant, as conductor of a freight train, received injuries for which he seeks in this action to recover damages. The appellant contends that the complaint is defective for the reason that it does not show actionable negligence on the part of the appellant, and because it does not show that the appellee was himself free from contributory negligence.

So far as the averments of negligence on the part of the appellant is concerned, we think the complaint is sufficient to withstand demurrer.

We are of the opinion, however, that it is fatally defective upon the other ground. It does not contain the usual, general averment that the appellee was himself without fault. The pleader has attempted to supply the want of this averment by specific averments showing the degree of care actually exercised by the appellee.

Citation of authority is hardly necessary that in actions of this character, in this State, the complaint must *show a case of unmixed negligence upon the part of the defendant. It must affirmatively appear from its averments that the injured party was himself without fault. This may be shown by the simple general averment that he was without fault, or there may be such statement of facts, without any such general averment, as will be sufficient. It is, however, essential that it be clearly shown that the injured party was free from contributory negligence. *Louisville, etc., R. W. Co.* v. *Lockridge*, 93 Ind. 191; *Riest* v. *City of Goshen*, 42 Ind. 339; *Pennsylvania Co.* v. *Gallentine*, 77 Ind. 322, and a large number of other cases.

Long usage and authority have sanctioned the use of the general averment that the party was without fault as sufficient, unless specific averments in the pleading show affirmatively that he was, nevertheless, without fault. Not only

has it been held sufficient, but that, as a rule, it is the best formula for the expression of that fact.

In *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196 (198), the court uses this language : " It is evident that any other rule would be practically incapable of enforcement, for a negative fact can seldom be alleged except generally and by way of denial, since any other course would require a process of exclusion and elimination that would lead to an almost endless pleading. If the specific facts absolving the plaintiff from fault must be pleaded, then it would be necessary to enumerate every fact that might be considered as tending to charge him with fault, and negative its existence. In some cases this process of enumeration and exclusion would be practically impossible ; in others it would lead to a prolixity of pleading that would do no good, but would produce uncertainty and confusion."

The language above quoted finds a forcible illustration in the case at bar ; not that the complaint is prolix, but that the pleader, possibly in the effort to avoid prolixity, has failed to specify and negative several particulars in which the plaintiff may have been at fault, notwithstanding all that is averred.

We deem it unnecessary to quote the complaint, as its defects are patent.

Several other questions are presented by the record and discussed. The principal and most important relate to the weight and interpretation to be given to the evidence in certain particulars, bearing upon the duties, relative and absolute, resting upon both the appellant and the appellee.

The complaint charges that the appellee's injuries were caused by certain defects in a car, transferred from another railroad to the appellant, and which he was, when injured, in the act of placing in his own train. He insists that under the circumstances the appellant was negligent in not having the car inspected before requiring him to place it in his train, and that such inspection would have disclosed its defective

character. The appellant insists that under the circumstances no duty of inspection rested upon it ; but, if such inspection was necessary, the rules of the company cast that duty upon the appellee, and that the failure to make the inspection, if negligent, was his own negligence.

The defective character of the complaint requires a reversal of the judgment and a reformation of the issues, from the complaint up. It is of course impossible for us to anticipate what changes in the issues, and, in consequence, what changes in the evidence, may be the result. Except in a general way, these questions may not arise upon a new trial, and we do not therefore deem it necessary to say more than that, so far as concerns the duty of a railroad company to inspect foreign cars tendered it by another company for transportation over its own lines, that question has been several times considered by this court, the latest case being that of *Chicago, etc., R. W. Co.* v. *Fry,* 131 Ind. 319. We as yet see no reason to change the opinions there expressed.

If, by the rules of the company, known to the appellee, the duty of making such inspection was in fact cast upon him, it is manifest that he can not recover for injuries caused simply by a failure to make the inspection. The negligence in such case would be his own.

Judgment reversed, with instructions to the Allen Circuit Court to grant a new trial, and sustain the demurrer to the second paragraph of complaint.

Filed May 23, 1892.