## Cicero & Proviso Street Railroad Company v. William E. Snider.

1. NEGLIGENCE—*Care Required of Plaintiff in Actions Based on.*— In a personal injury case an instruction stating that there could be no recovery unless the evidence showed "that the plaintiff was not guilty of negligence on his own part, materially contributing to the injury," is erroneous. If negligence by the plaintiff contributes in any degree whatever, it bars a recovery.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed July 26, 1897.

ALEXANDER SULLIVAN, attorney for appellant; E. J. McARDLE, of counsel.

Where the plaintiff is guilty of any want of ordinary care, and it contributes to his injury, his action is defeated, and it is erroneous to tell the jury by an instruction that to defeat the action, the contribution must be "material." Sterling Bridge Co. v. Pearl, 80 Ill. 251; Blanchard v. Lake S. & M. S. Ry. Co., 126 Ill. 416; Wharton on Neg., 2d Ed. Sec. 424; N. J. Ex. Co. v. Nichols, 33 N. J. L. 434; O'Brien v. Phila., etc., R. Co., 3 Phila. R. 76; Wilds v. Hudson R. R. Co., 24 N. Y. 432.

JAS. S. HARLAN, attorney for appellee; S. S. GREGORY, of counsel.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

This was a suit for personal injuries, which resulted in a verdict and judgment for $25,000.

The assignment of error which seems to us most serious, is for the giving of the second instruction for appellee. The part complained of is worded as follows: "In cases of this character there can be no recovery by the plaintiff unless two things appear from a fair preponderance of the evidence.

First. That the injury was occasioned through the negligence or want of ordinary care and caution on the part of the defendant, as set out in the plaintiff's declaration.

Second. That the plaintiff was not guilty of negligence on his own part materially contributing to the injury."

The proposition of law embodied in this instruction is, at least inferentially, bad. It says by inference that if the negligence of plaintiff contributed to the injury in a degree which might be regarded by the jury as not "material," the plaintiff might, notwithstanding, recover. Such is not the law. If plaintiff's negligence contributed in any degree whatever, it barred a recovery. There can be no contributory negligence in contemplation of law, when there is an exercise of ordinary and reasonable care. North Chicago St. R. R. Co. v. Eldridge, 151 Ill. 549.

Nor is the fault of the instruction to be ignored because the proposition is thus inferentially put. Monongahela City v. Fischer, 111 Pa. State, 13, wherein the court say: "The affirmance of this point involves another error. It imposed a qualification upon the doctrine of contributory negligence that has not heretofore been recognized. It was, that if the negligence of the plaintiff did not 'contribute in a material degree to the accident' he could recover. * * * The doctrine of this court has always been that if the negligence of the party contributed in any degree to the injury, he can not recover. This is a safe rule. * * * But if we substitute the word 'material' for the word 'any,' we practically abolish the rule." Also Mattimore v. Erie City, 144 Pa. State, 23; Artz v. Chicago, R. I. & P. R. R. Co., 38 Ia. 294.

In a case of this nature, involving a sharp conflict upon the merits, it may not be safely presumed that this instruction worked no prejudice to appellant.

The giving of the sixth instruction for appellee is also assigned as error.

While this instruction might have been more carefully worded as to the precise extent of plaintiff's duty in care for his own safety, we are yet not inclined to regard it as ground for reversal.

Counsel for appellant urge very strenuously that the lan-

guage of counsel for appellee in argument upon the trial, was such as was calculated to prejudice the minds of jurors, and hence constituted error.

While we do not hesitate to designate the language complained of as immoderate, and such as the trial court might properly have checked, yet somewhat must be allowed for the zeal of advocacy, and in a case otherwise so fairly conducted by counsel for appellee, we would not treat this as reversible error.

The facts as presented are such as must be submitted to another jury.

For the error in the giving of the second instruction for appellee, the judgment is reversed and the cause remanded.