## ROGERS *v.* ZIEGLER.

*Negligence—Exercise of care by guest in automobile— Question for jury—Contributory negligence by guest not protesting against speed of automobile—Refusal of special requests to charge jury, not error, when—Plaintiff bound by averments admitted by defendant's answer—Recovery defeated by slightest contributory negligence by plaintiff— Duty of court to. give special requests before argument, when—Section 11447, General Code.*

1. Where person is riding as guest on rear seat of automobile, she is bound to exercise, in avoiding injury, that degree of care which persons of ordinary care and prudence are accustomed to exercise under similar circumstances and conditions.
2. Guest's contributory negligence in not protesting against speed of automobile colliding with another car *held* for jury, on evidence under petition charging both drivers with negligence.
3. Refusal of instruction that plaintiff is bound by averments in petition which are admitted by defendant in her answer *held* proper, where answer made no admissions.
4. Refusal of instruction that, if injured guest in automobile was guilty of negligence in slightest degree, directly contributing to accident, she could not recover *held* reversible error.
5. Refusal to give before argument such written requests as state correct propositions of law and are pertinent to issues and evidence, is reversible error, in view of Section 11447, General Code.

(Decided April 6, 1925.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Doyle & Lewis,* and *Messrs. Riegle & Cheney,* for plaintiff in error.

*Mr. Charles P. Carroll,* for defendant in error.

RICHARDS, J.   The defendant in error, whose name was then Florence I. Martin, was seriously injured on October 7, 1922, in a collision between two automobiles on the Dixie Highway, between Perrysburg and Bowling Green.   She was riding as a guest and passenger, going in a southerly direction, in the car of Clinton A. Mauk, and that car collided with one going in the opposite direction, driven by Mrs. Rogers.   She sued the drivers of both cars, and on the trial recovered a judgment against Mrs. Rogers for $6541; the jury, however, finding in favor of Clinton A. Mauk, the co-defendant.

Many alleged errors are relied on for a reversal of the judgment, but it will not be necessary to discuss all of them in detail.   The bill of exceptions discloses that on the morning of the collision a little rain was falling, and that the roadway was wet and more or less slippery.   The car being driven by Mrs. Rogers skidded and turned nearly around, thus standing across the west portion of the road.   This happened just before she was about to pass the car being driven by Mr. Mauk, and that car struck the Rogers car with great violence, causing the injuries to the plaintiff below. After a most careful examination of the record, this court cannot say that the verdict and judgment are not sustained by sufficient evidence, or that they are manifestly contrary to the weight of the evidence.

The plaintiff below, in her petition, charged that the defendant Clinton A. Mauk was guilty of negligence in operating his car at an excessive rate of speed under the circumstances existing, and that

this excessive speed had continued for a distance
of some four miles, and also in not turning aside in
time to avoid a collision with the Rogers car after
the latter machine had skidded on the highway.
In view of these claims made by the plaintiff below
in her petition, and of the fact that she was
a passenger riding in the Mauk car and did not
protest against the speed, it is urged that the trial
court should have directed a verdict in favor of
Mrs. Rogers.  We cannot assent to that contention.

Mrs. Ziegler was riding in the rear seat of a
seven-passenger car, some distance from the driver,
and whether she was or was not guilty of negli-
gence contributing directly to her injury was a
question to be submitted to the jury.  Attempting
to drive a car from the rear seat may, under some
circumstances, increase the very danger it is de-
signed to avoid.

The answer of the defendant fully raised the
question of contributory negligence, and, whether
it did or not, that question was fairly in the case
by the evidence.  Counsel for Mrs. Ziegler cite
the case of *Cleveland Ry. Co.* v. *Heller,* 15 Ohio
App., 346, to sustain the contention that in a case
of this kind there would be no contributory negli-
gence on her part.  But, in the case cited, the opin-
ion of the court shows that the driver of the car
turned abruptly from a course and instantly ran
into a hole which threw the automobile against a
street car and caused the injury.  This all hap-
pened so suddenly as to give the passenger in
the car no opportunity to protest against the
method of operating the car, while in the case at
bar the evidence tends to show that the same

rate of speed had been pursued for some consider-
able distance, and that there was a deep ditch on
the west side of the highway. The case cited is
not applicable to the one now under consideration.

The circumstances in the case at bar are more
similar to those involved in *Toledo Railways &
Light Co.* v. *Mayers,* 93 Ohio St., 304, 112 N. E.,
1014. . In the course of the opinion in that· case,
Matthias, J., speaking for the court, uses the fol-
lowing language, page 312 (112 N. E., 1016):

"There is some evidence that between the point
of starting and the intersection where the collis-
ion occurred Riek had driven rapidly, possibly
·at an excessive rate of speed, and therefore the
question as to whether plaintiff was negligent
in remaining in the automobile after observing
the manner of its operation was properly sub-
mitted to the jury."

It would not necessarily follow, because Mrs.
Ziegler charged in her petition that Mauk, the
driver of the car, was guilty of negligence, that
she herself would be guilty of contributory negli-
gence for not protesting against the speed of the
car. The evidence offered in her behalf tended
to show that the Mauk car was being driven at a
rate of speed from 20 to 25 miles per hour, while
the evidence offered on behalf of Mrs. Rogers
tended to show that it was being driven at 35 to
40 miles an hour. The duty rested upon Mrs.
Ziegler to exercise that degree of care which per-
sons of ordinary care and prudence, riding as pas-
sengers in an automobile, are accustomed to exer-
cise under similar circumstances and conditions.
Certainly the record contains no evidence indicat-

ing that she had any opportunity to warn the driver after the Rogers car skidded across the roadway immediately in front of the car in which she was riding.

Counsel are very wide apart on their respective claims as to the contributory negligence of the plaintiff below; one side insisting that the state of the pleadings is such as to have required a directed verdict against her, and the other side insisting that the record contains no evidence tending to show contributory negligence on her part. We think the true rule of law lies midway between these contentions, and that the question of whether she was guilty of contributory negligence was a proper one to be submitted to the jury.

Many exceptions were taken to the refusal to give instructions requested before argument. Request No. 1, asked for by Mrs. Rogers, is as follows:

"I charge you that, as between the plaintiff and the defendant Mrs. Rogers, the plaintiff is bound by the averments in her petition which are admitted by said defendant in her answer."

We have no fault to find with this statement as an abstract proposition of law, but in its application to the case at bar we find that there are no admissions made by the defendant in her answer and that therefore the request was properly refused. Indeed, after a careful examination of all the requested instructions on behalf of Mrs. Rogers, we find only one that was improperly refused, to wit, No. 9. That request reads as follows:

"If you find that the plaintiff was guilty of

negligence in the slightest degree, directly contributing to said accident, then she cannot recover, and your verdict must be for the defendants.''

The trial judge carefully instructed the jury in the general charge on the subject of the degree of care required of each party and upon the subject of contributory negligence. The requested instruction is plainly based upon the opinion of the court in *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94, and was directly applicable to the facts disclosed in the case at bar. Certainly the only duty which rested upon Mrs. Ziegler was to exercise the ordinary care used by persons of ordinary care and prudence who are riding as guests in automobiles, but, under the authority of the case cited, she would be barred from recovering if her own negligence directly contributed in the slightest degree to her own injuries. Some members of this court are not in accord with the decision of the Supreme Court in the case just cited. It is in flat conflict with *Schweinfurth, Adm'r.,* v. *C., C., C. & St. L. Ry. Co.,* 60 Ohio St., 215, 220, 54 N. E., 89, and also with *Wellston Coal Co.* v. *Smith,* 65 Ohio St., 70, 80, 61 N. E., 143, 55 L. R. A., 99, 87 Am. St. Rep., 547, although those cases are not referred to in the opinion of the Supreme Court in 101 Ohio St., 282, 128 N. E., 94. This court has frequently followed the earlier decisions, for instance in *Toledo Rys. & Light Co.* v. *Poland, Guardian,* 7 Ohio App., 397, 403. To instruct a jury that a plaintiff in a personal injury case cannot recover if she was guilty of negligence in the slightest degree directly

contributing to her injury would, we think, tend to mislead most any jury when such charge is not given in connection with a statement that her only duty is to exercise ordinary care.  However, the duty of this court is to follow the decision of the Supreme Court in the case of *Chesrown* v. *Bevier,* cited above.

We find no reversible error except in the refusal to give this requested instruction, but for that error the judgment must be reversed, and the cause remanded for a new trial.

*Judgment  reversed  and  cause  remanded.*

Williams and Young, JJ., concur.

On Application for Rehearing.

Richards, J.  The judgment rendered in the court of common pleas in this case was reversed on April 6, 1925, for failure to give request No. 9. Briefs have been submitted on an application for a rehearing, and the question has been re-examined by the court.

In view of the fact that the jury returned a verdict in favor of Clinton A. Mauk, driver of the car in which Mrs. Ziegler was riding, it is insisted that, even though request No. 9 contained a correct statement of the law, it was not prejudicial error to refuse to give it.  We cannot assent to this contention.  If the requested instruction had been given before argument, it would have enabled counsel to pursue a line of argument that they were not able to make in the absence of the charge.  If

counsel had been enabled to pursue that line of argument, perchance the jury would have returned a verdict in favor of both defendants. In addition to this, the duty of the trial judge is mandatory to give to the jury in charge before argument such written requests as state correct propositions of law and are pertinent to the issues and the evidence, and a refusal to give such requests before argument is reversible error. The language of Section 11447, General Code, is imperative. *Cleveland & Elyria Electric Rd. Co.* v. *Hawkins,* 64 Ohio St., 391, 394, 60 N. E., 558; *Chesrown* v. *Bevier,* 101 Ohio St., 282, 128 N. E., 94; and *Payne, Dir. Gen.,* v. *Vance,* 103 Ohio St., 59, 133 N. E., 85.

As stated in the original opinion in this case this court is not favorbly impressed with the language of instruction No. 9, but that it states a correct proposition of law seems to be sustained by abundant authority. 20 R. C. L., p. 101, Section 88; 29 Cyc., 510; 7 L. R. A., 678; *Bolin* v. *Chicago, St. P., M. & O. Ry. Co.,* 108 Wis., 333, 84 N. W., 446, 81 Am. St. Rep., 911; *Memphis St. Ry. Co.* v. *Haynes,* 112 Tenn., 712, 81 S. W., 374; *Potter, Adm'r.,* v. *C. & N. W. Ry. Co.,* 21 Wis., 377, 94 Am. Dec., 548; and *New Jersey Express Co.* v. *Nichols,* 33 N. J. Law, 434, 97 Am. Dec., 722.

*Application for rehearing denied.*

WILLIAMS and YOUNG, JJ., concur.