## PAWLISCH *v.* ATKINS

[No. 14,440. Filed October 21, 1932. Rehearing denied February 23, 1933.]

*Arthur H. Sapp, John V. Seese, Burr H. Glenn,* and *Clark L. Lutz,* for appellant.

*Lee J. Hartzell, Levi A. Todd,* and *Claude Cline,* for appellees.

CURTIS, J.—This was an action brought by the appellee, Max Atkins, an infant, by his next friend, Fern F. Kramer, against the appellant to recover damages on account of personal injuries alleged to have been received in a collision between appellant's automobile and a bicycle on which the said infant was riding as a passenger with his sister.

The complaint was in one paragraph to which the appellant filed an answer in general denial. The case was tried before a jury, and a verdict for $8,000.00 returned against the appellant, upon which the court rendered judgment. A motion for a new trial was seasonably filed and overruled and an exception duly taken. This appeal was then prayed and perfected.

The only error relied upon for reversal is the action of

the court in its ruling on the motion for a new trial. The only specifications or causes in the motion for a new trial that are urged in this court are: (A) The court erred in giving plaintiff's instruction No. 4; (B) The court erred in giving plaintiff's instruction No. 11; (C) The verdict of the jury is not sustained by sufficient evidence; (D) The verdict of the jury is contrary to law. The other causes in the motion for a new trial are waived.

The appellee tendered his instructions numbered 1 to 12, and the appellant tendered his instructions 1 to 19. The court gave each of the above instructions and in addition gave two instructions of its own. The appellant excepted to the giving of each of the instructions so tendered by the appellee.

The complaint in substance alleged: that the appellee, on the 13th day of September, 1927, the date of the injury complained of, was a minor of the age of eight years and nine months; that Eckart street is a public street running in an easterly direction in the City of Fort Wayne, Indiana, and that Weisser Park Avenue is also a public street in said city, running in a northerly and southerly direction and joins Eckart Street and temporarily terminates at Weisser Park; that the appellant at said time, at about the hour of seven o'clock in the evening, was driving his automobile in a westerly direction over and along Eckart Street; that at said time the appellee was carefully and lawfully riding on a bicycle operated and propelled by his sister on the west side of Weisser Park Avenue about four feet from the west curb line and going in a southerly direction at a rate of speed less than 10 miles per hour; that as the said bicycle reached a point about 6 feet from the north curb line of Eckart Street, the appellant carelessly and negligently drove his said automobile into the intersection of Eckart Street, and Weisser Park Avenue, and turned same far to the right and over to the point where said bicycle was and ran

said automobile over and onto the bicycle on which the appellee was riding and with great force and violence struck and knocked the appellee to the pavement causing the injuries complained of (Here follows a detailed description of the injuries which it is not necessary for us to set out) ; that said injury to the appellee was caused solely and wholly by the carelessness and negligence of the appellant in driving and operating his automobile out of the line of traffic onto Weisser Park Avenue and by carelessly and negligently running over and onto the appellee as set out heretofore; that the injury was not due to any act of negligence or carelessness on the part of the appellee or his sister; that the apellee has been damaged in the sum of $10,000.00. The prayer for relief was in the last mentioned sum. As heretofore stated, this complaint was answered by a general denial.

Appellee's instruction number 4, complained of by the appellant, is as follows: "If you find from the evidence that the defendant was at the time as alleged in the complaint, driving his automobile over and along Eckart Street in a westerly direction, and if you further find that said defendant, at the time that he arrived at a point where Weisser Park Avenue, running in a northerly and southerly direction, connects with Eckart Street, turned his said automobile to the right and started into Weisser Park Avenue, and if you further find that after he started into the intersection of said streets he then attempted to turn to the left over and along Weisser Park Avenue, and if you furher find from the evidence that this plaintiff, together with his sister, was riding on a bicycle over and along Weisser Park Avenue and going in a southerly direction, and if you further find from the evidence that this plaintiff while riding on said bicycle was over on the right-hand side of said street while going south, and if you further find from the evidence that this defendant struck this plaintiff before he

arrived at a point where Weisser Park Avenue connects with Eckart street, then I instruct you that the defendant was guilty of negligence, and if you further find that said accident was caused by no contributory act of negligence or fault on the part of the plaintiff, then your verdict should be for the plaintiff."

This instruction was mandatory in form and peremptorily required the jury to return a verdict for the appellee if they should find that the appellant did the certain specific acts enumerated in the instruction without reference to whether such acts were, in fact, negligent or whether a man of ordinary care would have done the same things under the same circumstances and in complete disregard of the appellant's speed and the distance traveled and without considering whether or not the appellant saw the appellee or could have seen him in the exercise of reasonable care.

The acts specified were not violations of any statute, ordinance, order or rule having the force of law, and could not properly be declared by the court to be negligence *per se* unless they were of such a character that no other reasonable inference could be drawn therefrom. We believe that the instruction in question constituted an invasion of the province of the jury.

Instructions of the character of the one under consideration have been considered and passed upon frequently by our courts. In the case of *Pittsburgh, etc., R. Co.* v. *Arnott, Admx.* (1920), 189 Ind. 350, 126 N. E. 13, 17, it is said: "What specific acts and precautions a person of ordinary prudence would have adopted under the conditions and circumstances shown is ordinarily a pure question of fact. It has been consistently held by recent rulings of this court that it is an invasion of the province of the jury to give an instruction, stating that the doing of a certain specific act, or that the failure to observe a

certain specific precaution, under a given state of conditions and circumstances, constitutes negligence, unless the specified act is prescribed by some statute, ordinance, order, or rule which gives it the force of law; or unless the specific conditions . . . are of such character that no other reasonable inference can be drawn therefrom. (Citing authorities.) . . . All expressions in former opinions of this court in conflict with the rule here announced must be regarded as disapproved.

In considering an instruction of the character of the one in the instant case, this court, in the case of *Beck* v. *Indianapolis, etc., Co.* (1918), 67 Ind. App. 635, 119 N. E. 528, said: "The instruction entirely takes from the consideration of the jury the questions of the distance of the hearse from the car when those in charge of the hearse attempted to cross appellee's tracks, the probability of the motorman performing his duty to look ahead before his car reached the hearse, and the probability of his observing the admitted custom of appellee to give the hearse the right of way. In other words, it took from the jury one of the controlling, if not the controlling, question in this case, viz., the right to determine whether appellant's servants, under the special facts and circumstances . . . acted as a reasonably prudent person would have acted under the same facts and circumstances. . . . We think the court, in said instruction, clearly invaded the province of the jury."

In passing upon a similar instruction, the Supreme Court in the case of *The Pennsylvania Company* v. *Hensil* (1880), 70 Ind. 569, 36 Am. Rep. 188, said: "The facts enumerated in this instruction may or may not have constituted negligence, depending upon other facts which may have had some relation to the alleged injury to the appellee. As an instruction, it confounded that which, under the circumstances, only tended to prove negligence, with negligence itself. It assumed to make a

matter of law out of facts which the jury were entitled to consider in connection with other facts which had been submitted to them. The cases in which the question of negligence can be thus withdrawn from the jury are of comparatively rare occurrence. It is only when the circumstances of a case are such that the standard of duty is fixed and certain, or when the measure of duty is defined by law and is the same under all circumstances, or when the negligence is so clearly defined and palpable that no verdict could make it otherwise, that the court is authorized to make the question of negligence one of law and not of fact."

But it is contended by the appellee that the instructions as a whole gave the jury a correct idea of the law and that a correct result was reached and that the giving of said instruction in the instant case, even though it be erroneous, did not constitute reversible error.

It is true that instructions are to be considered together and that thereby many defects, verbal inaccuracies and incomplete statements are remedied or rendered harmless so that, notwithstanding such defects in particular instructions, the court may know and decide that the instructions, when considered as a whole, correctly state the law of the case, yet where an instruction deals with a material proposition or issue of the case and is erroneous, the presumption is that the error was harmful unless it affirmatively appears that it was not prejudicial. In such a case the error of such an instruction can not be cured by the giving of other instructions which contradict the erroneous instruction, but to avoid the effect of such error the erroneous instructions must be withdrawn. *Evansville, etc., R. Co.* v. *Hoffman* (1914), 56 Ind. App. 530, 105 N. E. 788.

The same argument which the appellee presents in the instant case was also made without avail in the case of

*American, etc., Co.* v. *Bucy* (1909), 43 Ind. App. 501, 87 N. E. 1051, 1052. This court there said: "It has always been held that, where the court directs a particular verdict, if the jury should find from the evidence certain facts to exist, the instruction must embrace all the facts and conditions essential to such a verdict. In such a case, if an essential fact is omitted, it is not sufficient to supply the omission in another instruction, . . . the law applicable to different questions may be stated in separate instructions, and the entire law applicable to all the questions involved in a case need not be stated in each, as in such a case, the instructions supplement each other, and, if they present the law fairly when viewed as a series, they will be sufficient. But, if an instruction purports to direct the jury to find a certain verdict upon the finding of stated facts, all the facts necessary to support such verdict must be stated in that instruction, as other instructions can not be searched to supply any omitted fact." To the same effect see *Indiana, etc., Co.* v. *Armstrong* (1923), 79 Ind. App. 486, 138 N. E. 830, 831, wherein it was said that the rule that it is not necessary to state all of the law applicable to a case in one instruction and that it is sufficient if the instructions as a whole correctly state the law "has no application where the law, as stated in an erroneous instruction, is merely contradicted by a correct statement of the law in other instructions, which is the most that can be said in appellee's favor in the instant case. Where such contradiction exists, the harmful effect of the erroneous instruction can only be avoided by its withdrawal." See also the cases cited in the above case and in addition, see *Goodwine* v. *Ayres* (1922), 78 Ind. App. 396, 136 N. E. 24, where it was held that the giving of such an instruction as the one complained of in the instant case does not require the party harmed thereby to tender a correct or

more complete instruction in order to avail himself of the error committed.

In the instant case the fact, if it be a fact, of the appellant's negligence was a material question which was sharply controverted and it was an invasion of the province of the jury for the court to give the instruction complained of without embodying therein all of the essential facts upon which to base a verdict.

For the error in the giving of the instruction heretofore considered the judgment must be reversed.

Error is also predicated upon the giving of the appellee's instruction number 11. Since the judgment must be reversed with instructions to grant a new trial it is possible that the same error as made in the giving of said instruction number 11 may occur again in the retrial of the case, we feel called upon to point out briefly the infirmity of that instruction. The complained of instruction is as follows: "I instruct you that if the plaintiff's sister, Alice Atkins, was operating a bicycle at the time of the accident, on which said plaintiff was riding and the said plaintiff was not in any manner operating said bicycle or in manner directing the movements thereof or had any control over such operation or the movements of said bicycle, then any negligence of Alice Atkins cannot be charged or imputed to the plaintiff. To hold the plaintiff guilty of contributory negligence, he must himself have done something which, in the exercise of reasonable care, he ought not to have done or have omitted to do something which, in the exercise of reasonable care, he should have done, whereby he himself materially contributed to produce the injuries complained of. If the negligence of the defendant and the driver of said bicycle concurred in directly producing the injuries complained of, the plaintiff will be entitled to recover if he himself was free from fault or negligence

contributing to his injuries." The error is in the use of the word "materially" in that part of the instruction relating to the question of contributory negligence of the appellee. It has long been the rule in this state and in many other states that there are no degrees of negligence or of contributory negligence in cases of the kind under consideration. This is the common-law rule based upon sound reason and, as we believe, is followed by a majority of the states. See *Louisville, etc., R. Co.* v. *Shanks* (1884), 94 Ind. 598; *Monongahela City* v. *Fisher* (1886) 111 Pa. 9, 2 Atl. 87, 57 Am. Rep. 241; *Mattimore* v. *Erie* (1891), 144 Pa. 14, 22 Atl. 817; *Banning* v. *Chi., etc., R. Co.* (1893), 89 Iowa 74, 56 N. W. 277; *Straten* v. *Spencer* (1921), 52 Cal. App. 98, 197 Pac. 540; *Oil City Fuel Co.* v. *Boundy* (1888), 122 Pa. 449, 15 Atl. 865; *La-Flam* v. *Missisquoi Pulp Co.* (1902), 74 Vt. 125, 52 Atl. 526; *Cicero, etc., R. Co.* v. *Snider* (1897), 72 Ill. App. 300; *Chi. City R. Co.* v. *Canevin* (1897), 72 Ill. App. 81, 20 Ruling Case Law p. 145, Sec. 119; *City of Indianapolis* v. *Cook* (1884), 99 Ind. 10; *Indianapolis, etc., Co.* v. *Crawley* (1912), 51 Ind. App. 357, 96 N. E. 392; *DeLon* v. *Kokomo, etc., Co.* (1899), 22 Ind. App. 377, 53 N. E. 847; *Town of Sellersburg* v. *Ford* (1906), 39 Ind. App. 94, 79 N. E. 220; *Kalovsky* v. *Meyer Dairy Products Co.* (1928), 30 Ohio App. 118, 164 N. E. 370; *Steinberger* v. *Cal. Elect., etc., Co.* (1917), 176 Cal. 386, 168 Pac. 570; *Rydell* v. *Greenhut* (1910), 140 App. Div. 926, 125 N. Y. S. 838; *Rogers* v. *Ziegler* (1925), 21 Ohio App. 186, 152 N. E. 781; *The Ft. Wayne, etc., R. Co.* v. *Gruff* (1892), 132 Ind. 13, 31 N. E. 460.

In view of the conclusions reached we do not deem it necessary to discuss the other causes for a new trial which are urged in this court, to-wit: That the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

For the error in giving each of the instructions here-

tofore mentioned, the judgment is reversed with instructions to grant a new trial and for further proceedings not inconsistent with this opinion.

Judgment reversed.