Goldschmidt et ux. v. Schumann et al., Appellants.

Argued April 22, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Francis Chapman*, for appellants, cited: Harris v. Commercial Ice Co., 153 Pa. 278; Goff v. Boro., 299 Pa. 343.

*Charles J. Biddle*, with him *Philip Wallis*, for appellees, cited: Robinson v. Ice Co., 292 Pa. 366; Newman v. Motor Service Co., 298 Pa. 509; Healy v. Shedaker, 264 Pa. 512; Frankel v. Norris, 252 Pa. 14; Lewis v. Wood, 247 Pa. 545; Hanley v. Bakey, 77 Pa. Superior Ct. 36; Gillespie v. Shafer, 69 Pa. Superior Ct. 389; Young v. P. R. T., 248 Pa. 174.

OPINION BY MR. JUSTICE SCHAFFER, May 25, 1931:

Plaintiffs, husband and wife, afoot, came to the pavement on the north side of Cliveden Avenue, fifty feet wide between curbs, at the crossing provided for pedestrians, intending to cross that thoroughfare to its south side. It was raining and the husband was carrying an umbrella which sheltered both of them, his wife on his right arm. She testified that when they reached the north side pavement she saw no automobile on the avenue; she did not specifically say that she looked to see if any was approaching. She further testified that before stepping from the curb into the street, with her husband, she looked to the left, in the direction from which she might expect cars on that side of the street to approach, but that she did not look to the right before the automobile coming from that direction was upon them. The husband said before starting to cross the street he looked in both directions; the wife testified that she saw him do so. When he looked to the right (west) he saw defendant's automobile on the south side of the avenue about 245 feet away coming east, in their direction. Concluding that it was safe to proceed, at least so far as the middle of the highway, they stepped

from the curb and had proceeded across the street for about a quarter of its width, ten or twelve feet, when defendant's automobile, coming from the west and "cutting the corner" of Cliveden Avenue and Lincoln Drive, an intersecting highway, ran them down, resulting in very serious injuries to plaintiffs. The defendant's negligence is not disputed. We have only to pass upon the question of the alleged contributory negligence of the plaintiffs, who recovered verdicts and judgments in the court below, from which defendant appeals.

It is argued that the husband was negligent because, after observing the approaching car 245 feet distant, he did not look again in that direction before he was struck. We could not so declare as a matter of law. As a pedestrian he had superior rights at the crossing and was warranted in assuming that defendant would keep to the right side of the highway, as the law required him to do, and that there was no occasion to look again to the right, at least until he reached the middle of the avenue. The Act of May 11, 1927, P. L. 886, section 1008, then in force, required that, "Upon all highways of sufficient width......the driver of a vehicle shall drive the same upon the right half of the highway." He was warranted in relying upon defendant's observance of the further provision of section 1009, "In crossing an intersection of highways......the driver of a vehicle shall at all times cause such vehicle to travel on the right half of the highway, unless such right half is obstructed or impassable." He was not required to anticipate that defendant would, by "cutting the corner" violate section 1015 of the act, "the driver of a vehicle......when intending to turn to the left, shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and in turning shall pass beyond the center of the intersection passing as closely as practicable to the right thereof before turning such vehicle to the left. For the purpose of this section the center of the intersection shall mean the meeting point

of the medial lines of the highways intersecting one another": Newman v. Protective Motor Service Co., 298 Pa. 509; Wilson v. Consolidated Dressed Beef Co., 295 Pa. 168, 173. We are of opinion that plaintiff Samuel Goldschmidt was not contributorily negligent.

Was the wife guilty of contributory negligence? We must answer that question in the negative. She was warranted under the circumstances in relying upon her husband's having looked in each direction, which acts she observed. See Smathers v. Pittsburgh & Butler St. Ry. Co., 226 Pa. 212; Young v. P. R. T. Co., 248 Pa. 174. Irrespective, however, of her reliance upon her husband's observation, it could not be declared as a matter of law that she was contributorily negligent, because if she had looked before stepping into the cartway, she would have seen only what her husband saw, defendant's car 245 feet away on the other side of the street. In the situation as it would then have appeared to her she would not have been lacking in due care in proceeding just as both she and her husband actually did proceed; hence the failure to look could not be said to be the contributing cause of the accident, and indeed it was not the cause of it at all. A pedestrian about to cross a two-way highway at a regular crosing and seeing an automobile on the other side of the street 245 feet away, which is the side it should traverse, is not bound to stand on the sidewalk until the car passes. It was not her failure to look that caused the accident, nor would her looking have prevented it; the cause was the defendant's unlawful operation of his car. "The test for contributory negligence is whether the act [alleged as] constituting the negligence contributed in any degree to the production of the injury. ...... If it did there can be no recovery": Robinson v. American Ice Co., 292 Pa. 366, 369. Here it did not.

The judgments are affirmed.