Commonwealth *v.* Amecca, Appellant.

Argued December 9, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Irving L. Epstein,* for appellant.

*William J. Kearney,* Assistant District Attorney, with him *James F. Brady,* District Attorney, for appellee.

OPINION BY ARNOLD, J., January 17, 1947:

The defendant was found guilty of involuntary manslaughter for unlawfully causing the death of Joseph Nemith, and after sentence appealed. Few of the facts were in dispute. The defendant, accompanied by his wife, was driving an automobile northerly on Keyser Avenue, a state highway which passes through Taylor borough. Keyser Avenue had a macadam surface eighteen feet in width with a six foot dirt berm on each side. In Taylor borough an upheaval of the road had occurred on the eastern side, and it had been dug out and filled. The filling at the highest point was some six inches above the level of the macadam and tapered down on the north and south ends. This fill extended over about eight feet of the eastern half (nine feet) of the road. It could be driven over at a speed of fifteen or twenty miles an hour. Three hundred and fifty feet south of the disturbed surface was a warning sign, three feet by three feet in size, with black letters on a yellow background: "Rough Pavement Ahead". The sign could easily be seen and was about six feet from the eastern edge of the macadam. The defendant, who was in a hurry to get to a place north of the point of accident before 9:00 o'clock, drove his car up to the disturbed condition, passed it on the left-hand side of the road, and collided with a motorcycle driven southerly by the deceased, causing his death.

The time of the accident was about 8:55 P.M., and except for the repairs the conditions of both road and weather were excellent for driving. Both vehicles had their lights on.

The contentions between the Commonwealth and the defendant were within a small compass. Commonwealth's testimony fixed the defendant's speed at from thirty-five to forty miles an hour by his own admission at the preliminary hearing. The defendant contended that his speed was thirty to thirty-five miles an hour. The Commonwealth's proofs were that the collision occurred on the defendant's left side of the road. The defendant testified that the collision occurred after he had rounded the repair work, and upon the defendant's right side of the road; that the deceased had been travelling in the middle of the road and swerved to his left and into defendant's vehicle. The defendant gave no explanation for not heeding the warning sign.

The appellant alleges that the evidence was not sufficient to sustain a conviction, but there was ample evidence of guilt. It was reckless for defendant not to heed the warning sign, "Rough Pavement Ahead". If he did not observe the sign he was negligent in failing so to do. It was reckless for defendant to travel at thirty to thirty-five miles an hour with a rough pavement immediately ahead. It was unlawful for the defendant to occupy the wrong side of the road when he could have travelled on his own side, as the Commonwealth's testimony established. It was reckless and unlawful for defendant to occupy his left side of the road in the face of an oncoming vehicle, or to pass around the rough pavement on the left side of the road unless he could do so with safety. If, instead of the rough pavement, there were a parked or slowly moving vehicle, it would be unlawful and reckless conduct to attempt to pass such vehicle in the face of oncoming traffic, or at a point where the passing could not be ac-

complished with safety. It was reckless for the defendant not to observe the approaching traffic, the defendant testifying that he first observed the Nemith motorcycle when it was "on top of him".

The next two contentions of the defendant will be treated together. The taking of testimony occupied three hours and ten minutes. The trial judge did not review the evidence in any particular, simply giving the jury a statement of the various rules of law in criminal trials and in particular as to the crime charged. The defendant assigns this bare fact as error, but does not point out how it was prejudicial to him. We would be loath to grant a new trial where the taking of testimony took such a short time unless there is some showing of prejudice. However, it is bad practice for a trial judge not to review the evidence. Good practice is not an end of itself, and the failure to conform thereto may not always be error, but practice is good because it reduces the likelihood of errors. Such is the case here. If the court had reviewed the evidence of the witnesses it would have undoubtedly pointed out the respective contentions of the parties. The defendant's contention was that the conduct of the deceased was the efficient producing cause of the accident and death, in that the deceased drove onto the defendant's side of the road, and that the accident happened there. Of course if the deceased's own conduct was the efficient producing cause of the accident, the defendant could not be guilty. This was the only defense presented, and it was not called to the attention of the jury.

With this omission went the statement in the charge that if "the victim in the case, . . ., acted in a *negligent and careless manner; . . .* technically speaking, *it was immaterial.*" (Emphasis supplied). Farther on the court said that if the operation of defendant's automobile was reckless, rash and unlawful, and as a result of this the deceased met his death "he would be guilty of the crime

. . . charged, regardless of the fact that the Nemith boy also was careless at the time *and his carelessness contributed* toward the final result . . ., contributory negligence on the part of the victim is not a defense . . ." (Emphasis supplied). These instructions were erroneous. In so designating them we desire to refer to *Commonwealth v. Hatch,* 149 Pa. Superior Ct. 289, 292, 27 A. 2d 742, cited by appellant for the proposition that, in the words of the late President Judge KELLER, contributory negligence "is a circumstance to be considered in determining the guilt of the accused." This was not a statement for a court's charge, but a statement concerning the substantive law, as the opinion itself shows, because there immediately follows: "for if the death occurred *because* of the heedlessness of the pedestrian *rather than the conduct of the driver,* the latter should not be convicted." (Emphasis supplied). *Commonwealth v. Hatch,* supra, was, and is, a correct statement of the substantive law of involuntary manslaughter, and that case stands for the proposition plainly expressed therein, that for the defendant to be guilty, the defendant's unlawful and reckless conduct (and not the deceased's conduct) must have been the proximate cause of the injury and death. Proximate cause or efficient producing cause is in the Restatement, Torts, §430, now called "legal cause".

As to involuntary manslaugher the only question arising from the alleged negligence of the deceased is whether his negligence or the defendant's negligence (reckless and unlawful) was the "legal cause" (formerly proximate cause) of the deceased's bodily harm and death. If the negligence of the deceased was the legal cause, and the accused's negligence merely contributed thereto, the defendant is not guilty of the crime charged. "Legal cause" is defined in §431 (a) of the Restatement, Torts, as "conduct [which] is a substantial

factor in bringing about the harm."[1] Section 432 (1) provides: "... the actor's negligent conduct is not a substantial factor[2] in bringing about harm to another if it would have been sustained even if the actor had not been negligent."[3] All these have to do with the proximate cause rule.

In legal parlance contributory negligence consists of negligence of the injured party which contributes *in the slightest degree* to his harm. In involuntary manslaughter it is *technically* true that if the negligence of the deceased contributed only in a slight degree to the harm done, i.e., was not the legal cause, it is no defense. But it is better for the trial judge to eliminate from the charge the words "contributory negligence", for the reason that the greater must include the less, and any person whose negligence is the legal cause of the harm of another, i.e., the substantial factor, is guilty also of negligence which *contributed* to the accident and harm, although in addition he is guilty of greater negligence than that.

Therefore the jury should be instructed that the negligence of the deceased is no defense, *unless* the deceased's own negligence was a substantial factor (legal cause) in bringing about his own harm, injury and death. For the court to charge, as here, that contributory negligence is not a defense, might well give the jury to understand that if it found the defendant negli-

---

[1] This definition has been followed in civil cases: *Simon, Admrx. v. Hudson Coal Company*, 350 Pa. 82, 85, 38 A. 2d 259, 261; *Cusatis v. Lehigh Valley Railroad Company*, 152 Pa. Superior Ct. 193, 196, 31 A. 2d 572; *Chamberlain et al. v. Riddle*, 155 Pa. Superior Ct. 507, 511, 38 A. 2d 521.

[2] Where (in addition to the person harmed) two parties are involved in the negligence see §432 (2).

[3] Section 433 states various considerations for determining whether defendant's conduct was a substantial factor, which are not involved here.

gent (unlawfully and recklessly), he should also be found guilty even though the substantial factor of the harm was the deceased's negligence. This appears more plainly if in this accident Amecca had been killed and Nemith had lived and been indicted for the involuntary manslaughter of Amecca. In such a case if the present testimony of the Commonwealth had been offered as to Nemith (the hypothetical defendant), it would follow (just as contended in the case at bar) that the negligence of Amecca (the hypothetical deceased) was the "legal cause" of his own harm and death. In such instance it is apparent that to say to the jury that the contributory negligence of Amecca is no defense to Nemith, would plainly be error, unless explained as we have sought to do in this opinion.

The judgment is reversed with a new venire.