Crane *v.* Neal, Appellant.

Argued March 28, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

reargument refused June 25, 1957.

*George Hardy Rowley,* with him *Voorhies, Dilley, Keck & Rowley,* for appellant.

*George S. Goldstein,* with him *Martin E. Cusick, Donald R. McKay* and *Wiesen, Cusick, Madden, Joyce, Acker & McKay,* for appellees.

330

OPINION BY MR. JUSTICE BELL, May 27, 1957:

Crane and Dean sued Neal in separate actions of trespass to recover damages for personal injuries and property damage. Neal sued Crane and Dean in trespass to recover damages for personal injuries and property damage. All the cases were tried together.

Around two o'clock a.m. on March 20, 1954, Crane and Dean were each riding a motorcycle in a westerly direction on Route 358 and were approaching the Borough of Greenville. The night was dark and it was raining. The engine of Crane's motorcycle stopped so Crane and Dean parked their motorcycles on the paved portion of the highway (because the berm was muddy) while they worked on Crane's machine. While working on Crane's machine Crane and Dean were struck by a westbound automobile driven by Neal. Neal testified he was driving approximately 40 miles an hour when he was temporarily blinded by the lights of an eastbound automobile. He slowed his car to about 35 miles an hour. As the eastbound car passed him he saw the motorcycles on the highway in front of him about 100 feet away. One of the motorcycles was parallel with the edge of the pavement; the other one was angled between it *in such a way as to occupy all but one foot of the westbound lane.* The paved portion of the highway was approximately 22 feet wide. Neal attempted to turn to his left but the rear of his car swung around and slid sideways and struck both motorcycles. His car came to rest against a culvert on the south side of the road 30 or 40 feet from the point of collision. Neither Crane nor Dean saw Neal's car until after it had struck them, nor did they see any eastbound traffic prior to the accident.

Crane and Dean testified that while their motorcycles were on the paved portion of the highway, Crane's motorcycle was only a few inches from its north

edge and Dean's motorcycle was parked parallel with it so as to leave an unobstructed space of approximately 8 feet in the west bound lane. Crane and Dean testified, we repeat, that they did not move their motorcycles off the paved portion of the highway because the berms were muddy, although there was a slag driveway in the immediate vicinity which after crossing a muddy berm was in good condition.

The Court below entered a nonsuit against Neal in his actions against Crane and against Dean. The jury returned a verdict in favor of Crane against Neal in the amount of $3,000, and in favor of Dean against Neal in the amount of $12,000, and from the judgments entered thereon Neal took these appeals.

The narrow but important question which Neal raises is whether a new trial should be granted in the suit of Crane against Neal and of Dean against Neal because of the alleged errors in the trial Judge's charge *on the subject of contributory negligence.* The importance of the question of contributory negligence in these cases is obvious from the above recital of the pertinent facts. The trial Judge charged the jury that "the contributory negligence of a party . . . *must be a proximate cause\** of the incident involved. . . the term, proximate cause, . . . means a moving or efficient cause, without which the injury would not have occurred. It is an act or an omission which becomes a proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question, and one which ought to have been foreseen by a person of ordinary care and prudence in the light of the attending circumstances. It need not have been the sole cause of the incident, but it must have been a moving—an efficient, productive cause of

---

\* Italics throughout, ours.

the incident. So when you consider the negligence of any party, *or the possible contributory negligence of any party, it should have a bearing on your decision only if that act was a proximate cause of the accident.*" The trial Judge never mentioned that if plaintiffs' negligence contributed in any degree to the accident it would bar their claims.

Defendant took not only a general exception to the charge of the Court but "specifically excepts to the Court's definition of contributory negligence and the statement as to the necessity that it be the proximate cause of the accident", and also an exception to the Court's failure to sufficiently explain the duties of a person stopping on the highway. President Judge ROGERS, speaking for the Court, held that the instructions were correct. Judge McKAY differed with President Judge ROGERS and correctly set forth the definition of contributory negligence. However, he found that no error was committed because the negligent act of parking committed by Crane and Dean was covered by a statute.

Courts must be careful not to confuse or equate contributory negligence with proximate cause.** The trial Judge committed reversible error in charging the jury that negligence on the part of Crane and Dean would not bar their recovery unless it was a proximate cause of the accident. Although broader language may be found in a few cases, "There is not the slightest doubt [under the law of Pennsylvania] that a plaintiff is guilty of contributory negligence and cannot re-

---

** *One* trial of multiple trespass suits involving claims and counterclaims of drivers and passengers arising out of the same accident often produce confusing as well as conflicting factual and legal questions which perplex and vex juries and Courts alike, and make a charge very difficult.

cover if his negligence contributed in any degree,* however slight, to the injury: Grimes v. Yellow Cab Co., 344 Pa. 298, 304, 25 A. 2d 294; McFadden v. Pennzoil Co., 341 Pa. 433, 436, 19 A. 2d 370; Robinson v. American Ice Co., 292 Pa. 366, 369, 141 A. 244; Goff v. College Hill Borough, 299 Pa. 343, 347, 149 A. 477.": *McDonald v. Ferrebee,* 366 Pa. 543, 546, 79 A. 2d 232.

This test was adopted a century ago and it has been iterated and reiterated ever since: see inter alia cases hereinabove cited and *Creed v. Pa. R. R. Co.,* 86 Pa. 139; *Monongahela City v. Fischer,* 111 Pa. 9, 2 A. 87; *Oil City Fuel Supply Co. v. Boundy,* 122 Pa. 449, 15 A. 865; *Weir v. Haverford Electric Light Co.,* 221 Pa. 611, 70 A. 874; *Goldschmidt v. Schumann,* 304 Pa. 172, 176, 155 A. 297; *Kasanovich v. George,* 348 Pa. 199, 34 A. 2d 523. As recently as *Ulmer v. Hamilton,* 383 Pa. 398, 403, 119 A. 2d 266, Mr. Justice MUSMANNO said, quoting from *Goldschmidt v. Schumann,* 304 Pa., supra: " 'The test for contributory negligence is whether the act [alleged as] constituting the negligence contributed in any degree to the production of the injury. . . .' "**

---

* Although many attempts have been made to change the definition of contributory negligence, and more recently to entirely eliminate contributory negligence as a bar to recovery and to substitute comparative negligence, Pennsylvania has rejected all such attempts.

** In *Oil City Fuel Supply Co. v. Boundy,* 122 Pa. 449, 463, 15 A. 865, the Court held that a charge was erroneous which required that the negligence of plaintiff should contribute materially and essentially to the injury, and said: "The rule is that any degree of negligence on the part of the plaintiff, contributing to the injury, destroys his right to recover." In *Monongahela City v. Fischer,* 111 Pa. 9, 2 A. 87, (and in *Mattimore v. City of Erie,* 144 Pa. 14, 22 A. 817), we held that the trial Court erred in telling the jury that the plaintiff could not recover if he was guilty of any negligence which contributed *materially* to the accident. The Court said (page 14) : "the doctrine of this Court has always been that if the neg-

Where the question is whether defendant was guilty of negligence, the law is well and clearly established that "Plaintiff has the two-fold burden of proving that the defendant was negligent and that his negligence was the proximate cause of the accident.": *Malloy v. Pa. R. R. Co.*, 387 Pa. 408, 413, 128 A. 2d 40; *Finnin v. Neubert*, 378 Pa. 40, 43, 105 A. 2d 77; *Brusis v. Henkels*, 376 Pa. 226 228, 229, 102 A. 2d 146; *Lanni v. Pa. R. R. Co.*, 371 Pa. 106, 109, 88 A. 2d 887; *Gayne v. Philip Carey Mfg. Co.*, 385 Pa. 618, 621, 123 A. 2d 432; *Helm v. So. Penn Oil Co.*, 382 Pa. 437, 441, 114 A. 2d 909; *Freund v. Hyman*, 377 Pa. 35, 37, 103 A. 2d 658; *Parker v. McCrory Stores Corp.*, 376 Pa. 122, 124, 101 A. 2d 377; *Thompson v. Gorman*, 366 Pa. 242, 246, 77 A. 2d 413.

The marked difference between the legal standard for negligence and the legal standard for contributory negligence was clearly pointed out and delineated by President Judge KELLER in *Cardarelli v. Simon*, 149 Pa. Superior Ct. 364, 371, 27 A. 2d 250: "To recover a verdict against a defendant because of his negligence the jury must find that the alleged negligence was the proximate cause of the injury; but as respects a plaintiff, suing another for damages alleged to have been caused by the latter's negligence, *the rule in Pennsylvania is that he cannot recover if his own negligence contributed in any degree to the accident and injury.*"*

The fundamental error in the Judge's charge on the crucial subject of contributory negligence was not

---

ligence of the party contributed in *any* degree to the injury he cannot recover.".

* The Court reiterated this in *Commonwealth v. Amecca*, 160 Pa. Superior Ct. 257, 262, 50 A. 2d 725: "In legal parlance, contributory negligence consists of negligence of the injured party which contributes in the slightest degree to his harm."

cured by the fact that the alleged negligent acts of Crane and Dean may possibly have violated Art. X, Sec. 1019 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS 611, relating to parking on an improved portion of a highway.

Plaintiffs contend that they could be guilty of contributory negligence *only* if their act in stopping on the highway specifically violated The Vehicle Code and then only if that stopping was the proximate cause of the accident. Under the evidence in this case that is not a correct statement.

It is a sound proposition of law that "Violation of a statute, constituting negligence per se, is nevertheless not a ground of liability, nor does it support a charge of contributory negligence, unless it is the proximate and efficient cause of an accident which is of the type the legislative enactment was designed to prevent [citing cases]": *Shakley v. Lee,* 368 Pa. 476, 478, 84 A. 2d 322. However, what appellees and the Court below overlook is that defendant Neal relied not only upon The Vehicle Code, but more importantly upon the common law principles of contributory negligence. Thus, under the evidence in the instant case, the jury could properly have found that Crane and Dean in parking their motorcycles *so as to occupy and block all but one foot of the westbound lane* were guilty of contributory negligence irrespective and independent of the provisions of The Vehicle Code, and the jury should have been so charged.

A new trial must be granted because of reversible errors in the charge of the Court.

The Judgment in the case of Crane v. Neal and the Judgment in the case of Dean v. Neal are reversed and a new trial is granted in each case.

336

On the night of March 19-20, 1954, Millard F. Crane and Leslie H. Dean, astride their motorcycles, were travelling westwardly on Route 358 in Mercer County when, as they approached Greenville at about 2 a.m., Crane experienced motor trouble and halted. His companion stopped to render aid. Crane pushed his machine to within 3 inches of the edge of the highway and Dean placed his motorcycle alongside of it, 8 feet from the center of the road, which was 22 feet wide, thus leaving considerable space for traffic both ways.

It was the proverbial "dark and rainy night," with pools of water and deep mud bordering the highway. Both motorcycles were equipped with lights which were turned on to their utmost candlepower, so that with spotlights, headlights, parking lights, and reflectors operating, they produced an oasis of incandescence visible for a distance of 500 feet. The fault in the motor was apparently a minor one for it was remedied in two or three minutes, and the men prepared to resume their journey. Crane stepped on his "kick starter", the motor started, and he was just about to "go into gear" when an automobile coming up out of the night plunged into the group of machines and men, inflicting injuries and damage which are not in dispute in this appeal.

Crane and Dean sued Fred A. Neal, owner and operator of the offending automobile, and Neal brought action against Crane and Dean. At the trial the Court entered a nonsuit against Neal and the jury returned verdicts against Neal in the amount of $3,000 in favor of Crane and $12,000 in behalf of Dean.

Neal has appealed for a new trial in the cases in which he was the defendant, alleging error in the Court's charge on the subject of contributory negligence. After properly charging that the burden of proving contributory negligence rested with the defend-

ant Neal, the Trial Judge said: "It is also said that the negligence or the contributory negligence of a party, in order to have any bearing on your consideration, must be a proximate cause of the incident involved. You are instructed that the term, proximate cause, is a term used and means a moving or efficient cause, without which the injury would not have occurred. It is an act or an omission which becomes a proximate cause of an injury whenever such injury is the natural and probable consequence of the act or omission in question, and one which ought to have been foreseen by a person of ordinary care and prudence in the light of the attending circumstances. It need not have been the sole cause of the incident, but it must have been a moving—an efficient, productive cause of the incident. So when you consider the negligence of any party, or the possible contributory negligence of any party, it should have a bearing on your decision only if that act was a proximate cause of the accident."

In the case of *Weir v. Haverford Electric Light Company,* 221 Pa. 611, 617, this Court said: "Any negligence on the part of a plaintiff that contributes to, and is the proximate cause of, his injury defeats his action. There can be no balancing or matching of degrees of negligence."

We reaffirmed this statement in 1943 in *Kasanovich v. George,* 348 Pa. 199, 202. In *McFadden v. Pennzoil Co.,* 341 Pa. 433, 436, we said: " 'The test for contributory negligence is whether the act constituting the negligence contributed in any degree to the production of the injury. [citing cases] If it did, then there can be no recovery.' Robinson v. American Ice Co., 292 Pa. 366, 369. But, in order to defeat recovery of damages for injuries arising from the negligence of another, the injured person's negligence must have been a juridical cause of the injury, and not simply a condition of its occurrence . . ."

The only contributory negligence complained of in this case is that the plaintiffs should have removed their motorcycles from the highway before working on Crane's disabled machine. We have seen that the vehicles were halted for only two or three minutes, that while the men worked on them they were illuminated to a degree which made them visible for 500 feet, and that because of the quagmire which bordered the stopping place it was impracticable to push the vehicles off the road. Dean testified that had they moved into the mud they would not have been able to get back to the pavement again.

If the plaintiffs were negligent in halting on the highway for the fragmentary period indicated, it was because of Section 1019 of The Vehicle Code of May 1, 1929, P. L. 905, Art. X, (75 PS §611), which reads: "(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, *when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway*: Provided, In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, *unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon* . . . (c) The provisions of this section shall not apply to the driver of any vehicle *which is disabled while on the paved or improved or main traveled portion of a highway, in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position.*" (Emphasis supplied.)

It will be noted that the italicized portions of the section completely take the plaintiffs out of the prohibition described because, as indicated, it was impracticable to leave the highway, they left an unobstructed passage of at least 15 feet width, and it was impossible for them to avoid having stopped. Even so, if by a forced interpretation of the section against the established facts in the case, it should appear that a jury question remained as to whether the plaintiffs had violated the statute, that issue was put squarely to the jury in language specifically formulated by the defendant, namely: "It is true that, if a violation of the statutory law of the Commonwealth is a proximate cause of an accident, then that becomes negligence as a matter of law. One of the matters which the defendant has requested me to charge you on is as follows, No. 5, and we affirm it: If a violation by Dean or Crane of any section of the Vehicle Code caused or contributed to the happening of the accident, then they cannot recover. We affirm that."

The jury thus found that whatever Crane and Dean did which was wrong (and the only wrong alleged was that they remained on the highway after they were forced to come to a stop) did not contribute "to the happening of the accident." The record confirms this finding, and I would accordingly affirm the judgments.