Anthony ABBANAT, Plaintiff,

v.

The LADIES' CATHOLIC BENEVOLENT ASSOCIATION, a Corporation, Defendant.

Civ. A. No. 977.

United States District Court
W. D. Pennsylvania.

Feb. 13, 1964.

John F. Potter, Erie, Pa., for plaintiff.

Gerald Weber, Erie, Pa., for defendant.

WILLSON, District Judge.

This case was tried to a jury which returned a verdict in favor of the plaintiff in the sum of $14,525.00. The trial of the case commenced on November 21, 1963 and continued the morning of November 22nd and after the luncheon recess on that day. Soon after court resumed, after the noon recess, word was given to me as trial judge that President Kennedy had been shot. I announced that fact to counsel and to the jury and after a short recess trial was resumed. A short time later word came that the President had died. At that time the evidence was nearly all in, and as it was the last case of the term, and it was Friday afternoon, counsel suggested that the trial be concluded. The impact of the shooting of and the death of the President on me as trial judge is most difficult to adequately explain. I felt an emotional impact in the nature of a shock which rendered me unable to make a rational decision. My first thought was that the trial should be adjourned and a mistrial declared, and then I wavered on the subject and finally concluded to complete the trial of the case. However, on review of the matter I am satisfied that the decision to complete the trial was a grave mistake. At the close of all the evidence defendant's counsel made a motion for a directed verdict. I now realize that I was unable at the time to give the motion the consideration it deserved. I have now come to the conclusion that the jury, due to the tragic news which was received during the trial, failed to give the evidence the careful, fair, and impartial consideration

that the case deserved. In the Court's opinion the jury verdict was clearly against the weight of the evidence. However, I am not critical of the jury or its verdict because I am firmly convinced that neither the trial judge nor the jury was mentally or emotionally equipped to engage in a judicial proceeding that day after the news of the President's death was received.

Counsel for the defendant has filed a timely motion for a new trial alleging various reasons. His reason, No. 8, brings up the subject matter of this Order and I believe is sufficient cause for a new trial.

In conclusion, I am making this Order on examination of the motion and without hearing counsel as the Court has deliberated to considerable extent upon this matter and has concluded that a new trial is warranted and should be directed. It is so ordered.