Richard E. GETZ, Plaintiff,

v.

Albert ROBINSON, Defendant.

Mario RAMOS, Plaintiff,

v.

P-W Corporation *

ARMOURED CARRIER CORPORATION, Defendants,

v.

Albert ROBINSON and Valley Sales Corporation, Third-Party Defendants.
Civ. A. Nos. 62-422, 62-894.

United States District Court
W. D. Pennsylvania.

June 4, 1964.

* The action against P-W Corporation was dismissed by stipulation, consent, and order.

Samuel R. Sciullo, Pittsburgh, Pa., for plaintiff Richard E. Getz.

Weis & Weis, Pittsburgh, Pa., for defendant and third-party defendant Albert Robinson.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff Mario Ramos.

William J. Lancaster, Pittsburgh, Pa., for defendant Armoured Carrier Corp.

MARSH, District Judge.

Following the verdict [1] of the jury on liability in the above entitled actions

1. Interrogatories to, and answers of, the jury were as follows:

"1. Was the driver Robinson negligent?
  "ANSWER 'YES' OR 'NO'     <u>Yes</u>

  "[ONLY if your answer to Question 1 is YES, answer Question 2.]

"2. Was Robinson's negligence a proximate cause of the accident?
  "ANSWER 'YES' OR 'NO'     <u>Yes</u>

"3. Was the driver Getz negligent?
  "ANSWER 'YES' OR 'NO'     <u>Yes</u>

  "[ONLY if your answer to Question 3 is YES, answer Question 4.]

"4. Was Getz's negligence a proximate cause of the accident?
  "ANSWER 'YES' OR 'NO'     <u>No</u>

  "[ONLY if your answers to Questions 2 and 4 are both YES, answer Question 5.]

"5. Did the negligence of Getz and Robinson concur in causing the accident?
  "ANSWER 'YES' OR 'NO'     ------

  "[ONLY if your answer to question 2 is NO, answer Question 6.]

"6. Was the driver Robinson contributorily negligent?
  "ANSWER 'YES' OR 'NO'     ------

  "[ONLY if your answer to Question 4 is NO, answer Question 7.]

"7. Was the driver Getz contributorily negligent?
  "ANSWER 'YES' OR 'NO'     <u>Yes"</u>

Compare with interrogatories in Reiner v. Bankers Security Corp., 305 F.2d 189, 191 (3d Cir. 1962); Kendrick v. Piper Aircraft Corporation, 265 F.2d 482, 484 (3d Cir. 1959); De Eugenio v. Allis-Chalmers Mfg. Co., 210 F.2d 409, 412 (3d Cir. 1954).

and the judgments entered thereon, the plaintiffs, Mario Ramos and Richard E. Getz, moved for a new trial. The motions will be denied.[2]

Grounds assigned by both movants for a new trial were that the verdict was contrary to the evidence, and that the actions were improperly consolidated. In addition, Ramos contended that the findings of the jury were inconsistent and improper; that under the special interrogatories submitted to the jury, "the jury was not permitted to consider the possibility of the concurrent negligence of Getz and Robinson, unless the jury found that the negligence of both these defendants constituted the proximate cause of the accident"; and Getz contended that "the Answers to the Interrogatories by the Jury were such that a verdict in favor of Richard E. Getz should have been rendered."

■ The verdicts were not contrary to the evidence or against the weight of the evidence. There was ample evidence to support each finding by the jury. The court does not understand the movants to seriously contend to the contrary; neither ordered a transcript of the record.

■ We think the two cases were properly tried together. Rule 42(a), Fed.R.Civ.P. Two trials have been eliminated, time and cost of reduplication of evidence have been saved, and inconsistent results have been avoided from identical or similar evidence. We think the joint trial was in accord with the progressive spirit of the Federal Rules of Civil Procedure.[3] Each case involved the same witnesses. Only one passenger was involved, and he sued only one driver, Getz. The common issues of fact in each case were simple. As appears from the pretrial procedure, either the driver Getz drove over onto the driver Robinson's side of the highway and caused the collision, or the driver Robinson drove over onto the driver Getz's side of the highway and caused the collision. This was the posture of the case throughout pretrial and trial. The passenger did not assert that the drivers were guilty of concurrent negligence. The issues of negligence and contributory negligence on the part of the drivers had to be litigated in each action *even if tried separately*. To have tried the cases separately may have resulted in inconsistent verdicts.

The passenger, Ramos, did not sue his host, Robinson, although diversity of citizenship existed between them.[4] This choice by Ramos accounted for his failure to recover damages.

In their opposition to a joint trial, the plaintiffs relied on Atkinson v. Roth, 297 F.2d 570 (3d Cir. 1962).[5] We did not think that authority was controlling in the cases at bar. In Atkinson there was a collision between two vehicles, and some of the seven passengers sued the host driver, Atkinson, and some

---

2. It had been planned that disputed issues were to be tried in three stages before the same jury. Rule 42(b), Fed. R.Civ.P.; Transcript, Nov. 14, 1963, pp. 7–9; Appendix, p. 771. Counsel agreed that the verdict on liability eliminated the trial of any remaining issues. Tr. of Charge, pp. 37–38.

3. In Whitehill v. Gilbert Carriers, 149 F. Supp. 843 (W.D.Pa.1957), aff'd 251 F.2d 226 (3d Cir. 1958), four actions arising out of a four vehicle collision, including that of a deceased passenger, were tried together on the issue of liability alone, resulting in considerable savings of time and expense to the litigants and the court. See also, "Entry of Additional Parties in a Civil Action" by Judge Holtzoff, 31 F.R.D. 101, 111–112.

4. Ramos was a citizen of Connecticut and Robinson was a citizen of Ohio.

5. In Atkinson, the lower court was reversed for several reasons in addition to improper consolidation, among which was the failure to submit the issue of concurrent negligence to the jury; in the instant case, that issue was submitted to the jury with appropriate instructions. See Question 5, f. n. 1.

sued the other driver, Roth, and his alleged employers. Also the host driver, Atkinson, sued Roth and his alleged employers. There were the usual counterclaims and third-party actions. The driver, Atkinson, as plaintiff, was obliged to keep his case free from contributory negligence and thus was at "cross purposes" with his passenger plaintiffs. In the cases at bar, the driver, Robinson, also had to keep his counterclaims free from contributory negligence, but in this he was not at "cross purposes" with his passenger, for Ramos did not sue Robinson, and in the Ramos complaint, pretrial narrative, and at trial, in all respects, he was in accord with his host, Robinson, in asserting that the driver, Getz, was the negligent cause of the collision. Thus, the purposes of Robinson and his passenger, Ramos, were parallel,—the testimony of each tended to exonerate Robinson of all negligence and establish that the driver, Getz, was the sole negligent cause of the accident.

At the trial, Getz and his employer, Armoured Carrier Corporation, strove to prove that Robinson was the *sole* negligent cause of the accident and succeeded in so persuading the jury. Robinson and his passenger, Ramos, strove to prove that Getz was the sole negligent cause of the accident and failed.

*There never was any contention, suggestion, or testimony on the part of Ramos that his host, Robinson, was responsible in any way for the accident or his injuries.*[6]

At the supplemental pretrial conference held November 14, 1963, about one week before the trial commenced, the seven interrogatories on liability were thoroughly discussed and agreed upon by all parties.[7] Cf. Cate v. Good Bros., 181 F.2d 146, 148–149 (3d Cir. 1950).

■ Getz complains that the answer to Question 4 is inconsistent with the answer to Question 7, and that the jury was confused. We cannot agree. On abundant evidence, the jury apparently believed that Getz tried to get out of the way of the oncoming Robinson car and had driven his car partially off the concrete portion of the highway on his right side. Obviously, it believed Robinson was the sole negligent cause of the accident. But the jury also found on sufficient evidence that Getz was negligent and contributed to his own injuries. Of course, we are not certain of the particular act or omission found by the jury to have constituted contributory negligence; however, it could have been his driving on a hazardous highway without chains, or in failing to drive completely off the concrete portion of the highway on his right side when he observed the oncoming Robinson car on the wrong side, or in failing to stop his car sooner than he did. In any event, accepting Getz's version of the collision, he certainly was not the proximate cause thereof, but it is very likely that he contributed in the "slightest degree" to his own injuries. Crane v. Neal, 389 Pa. 329, 132 A.2d 675.[8] In any event,

6. It was contended by Armoured Carrier Corporation, in defense, that Ramos and Robinson were employees of Valley Sales Corporation; that Ramos was the president and a stockholder of that Company; that at the time and place of the accident they were on the business of the Company; and that Ramos had the right to share in the control and operation of Robinson's car. Because of the verdict on liability there was no need to resolve these issues. See: Appendix, p. 771; Questions 8 and 9.

7. See Transcript of November 14, 1963, pp. 3 to 9, inclusive. Previous to the conference, i.e., on November 8, 1963,

Suggested Interrogatories were mailed to counsel; comments and suggestions were requested. (See Appendix.) At the trial which ended on November 22, 1963, the interrogatories finally agreed upon were submitted to the jury without objection.

8. Following the admonition of Mr. Justice Bell, now Chief Justice of the Supreme Court of Pennsylvania, we tried to be "careful not to confuse or equate contributory negligence with proximate cause." Crane v. Neal, supra, 132 A.2d p. 677. See: Tr. of Charge, pp. 19–20, 32–35.

it would be a prohibited invasion of the jury's function for the court to conclude that a different finding would be more reasonable. Reiner v. Bankers Security Corp., 305 F.2d 189, 192–193 3d Cir. 1962), citing Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520.

In our opinion, Getz's reasons for a new trial are without merit.

■ Ramos contended that the findings of the jury were inconsistent and improper. We do not think the jury was in any way confused or made inconsistent or improper answers. Although the affirmative answer to Question 3 was unnecessary and surplusage, it does not necessitate a new trial. To the contrary, the jury in so answering demonstrated its ability to differentiate between negligence which constituted a proximate cause of the accident and negligence which contributed only to Getz's own injuries. The substance of § 463, Restatement, Torts, was read to the jury. (Tr. of Charge, pp. 19–20.) No objections were made to the instructions in this respect. We think the jury's answers also demonstrated that it *had not only determined which witnesses were credible, but knew exactly what findings it wished to make under the evidence and the law.*

■ For reasons of his own Ramos was careful to exonerate Robinson from any semblance of negligence in his pretrial statement, testimony at trial, and argument to the jury.[9] Notwithstanding, in his motion for a new trial he complains that "the jury was not permitted to consider the possibility of the concurrent negligence of Getz and Robinson, unless the jury found that the negligence of both these defendants constituted the proximate cause of the accident."

We think Ramos misapprehends the instructions. It was very plainly stated that only if it was found that Robinson's negligence was *a* proximate cause of the accident and that Getz's negligence was *a* proximate cause of the accident, should the jury answer the question: "Did the negligence of Getz and Robinson concur in causing the accident?" Thus the jury *was* permitted to consider that the accident was caused by the concurrent negligence of the drivers.

In this connection the jury was instructed:

"Now, there may be more than one cause of an accident. Concurrent causes are causes occurring contemporaneously and which together produce an accident which would not have happened in the absence of either. They operate together to cause an accident.

*"Only if you find that Getz and Robinson were both negligent and the negligence of each operated jointly, concurrently, or together to cause this accident should you answer Question 5."* (Emphasis supplied.) (Tr. of Charge, p. 9.)

"Now, there are certain laws of the road enacted by the Pennsylvania legislature and contained in the Pennsylvania Motor Vehicle Code. Whether or not these laws apply to this case depends upon what facts you find from the evidence. These rules may help you decide whether Robinson was at fault or whether Getz was at fault *or whether both were at fault."* (Emphasis supplied.) (Tr. of Charge, p. 17.)

The jury did not find concurrent negligence on the part of both drivers. Instead, it found that Getz's "slight" negligence was not a substantial causative factor of the collision and the injuries sustained by Ramos, the passenger; or conversely it found that Robinson's reck-

9. As stated, Ramos sued only Armoured Carrier Corporation, Getz's employer, and the latter contended that any negligence on the part of Robinson should be imputed to Ramos, the president of Valley Sales Corporation, their common employer. See f.n. 6.

less driving had such a predominant effect in causing the accident as to render Getz's negligence insignificant. Cf. Krauss v. Greenbarg, 137 F.2d 569, 571–572 (3d Cir. 1943); Restatement, Torts, §§ 431, 432, and 433, Comment d on Clause (a). Accepting as true the Getz version, it is plain that he was trying desperately to move as far as possible out of the path of Robinson's car before it rammed him.

We think Ramos' exception to the charge and reasons for a new trial are without merit.

As an afterthought, in his briefs and at argument, Getz contended that a new trial should be granted because the verdict was rendered after the jury had learned during its deliberations that the President of the United States had been shot. (Tr. of Charge, pp. 35–36.) Getz argues that he was "deprived of the deliberations of an impartial, unaffected Jury, free from all outside influences".

In the cases at bar, a new trial may not be granted on the belated assertion of this ground. No motion for a mistrial was made for this reason before or after the verdict was returned although counsel had been informed that the jury had been told that the President had been shot. Since this ground was not assigned in Getz's motion for a new trial within the ten-day period limited by Rule 59(b), it was untimely and may not be considered. Demeretz v. Daniels Motor Freight, Inc., 307 F.2d 469 (3d Cir. 1962).

However, even on the merits we think this reason is insufficient to grant a new trial. Cf. United States v. Clarke, 224 F.Supp. 647 (E.D.Pa.1963). There was no evidence or indication that any member of the jury was so confused, excited, or unduly affected by the news as to interfere with his deliberation. The jury did not know that the "shot" had killed the President until after the verdict had been returned.

Getz cited Abbanat v. The Ladies' Catholic Benevolent Association, Civil Action No. 977 (Erie—W.D.Pa.), 233 F. Supp. 234, in support of his argument. However, that case is patently distinguishable. In the first place, the news of the President's *death* came to the attention of that jury before the testimony had been concluded and prior to argument and charge; secondly, its verdict *"was clearly against the weight of the evidence"*. In the cases at bar, depending upon which witnesses were found to be credible, the verdict in all respects was in accord with the weight of the evidence. Finally, in the Abbanat case, the reason was timely assigned as one of the defendant's grounds for a new trial. As heretofore indicated, for a period long after ten days following the entry of judgment, it did not occur to any counsel or the court that the tragic event of November 22, 1963 had any influence upon the verdict in the instant case.

An appropriate order will be entered.

APPENDIX

## UNITED STATES DISTRICT COURT
### Western District of Pennsylvania
### Pittsburgh 19

Chambers of
RABE F. MARSH
   Judge

                                    November 8, 1963

McArdle, Harrington & McLaughlin, Esqs.
Frick Building
Pittsburgh 19, Pa.

Samuel R. Sciullo, Esq.
Law and Finance Building
Pittsburgh 19, Pa.

William J. Lancaster, Esq.
900 Farmers Bank Bldg.
Pittsburgh 22, Pa.

Weis & Weis, Esqs.
920 Grant Building
Pittsburgh 19, Pa.

Gentlemen:

        Re: Getz v. Robinson   Civil 62–422
             Ramos v. P–W Corporation and Armoured Carrier
             v. Robinson and Valley Sales   Civil 62–894

As you can see by the enclosed Order, the Ramos case has been reinstated, and although counsel for Ramos stipulated that another pretrial conference would not be necessary, I think another conference will be necessary since the cases have to be tried together and it appears to me that the consolidated litigation calls for interrogatories to be answered by the jury.

Enclosed are suggested questions to be answered by the jury, and it is my thought that the jury should answer the questions on liability first, i. e., questions 1 through 7; and then the same jury would answer the other questions depending upon what answers we get to the first questions.

I will welcome your comments and suggestions as to the above suggested trial procedure.

A supplemental pretrial conference will be held on Thursday, November 14, 1963, at 2:30 P.M.

                          Very truly yours,

                          United States District Judge

COPY

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD E. GETZ
    v.                                    Civil No. 62–422
ALBERT ROBINSON

MARIO RAMOS
    v.
P–W CORPORATION, a corp., and
ARMOURED CARRIER CORPO-               Civil No. 62–894
RATION, a corp.
    v.
ALBERT ROBINSON and VALLEY
SALES CORPORATION

SUGGESTED INTERROGATORIES TO JURY

1.  Was the driver Getz negligent?

                    ANSWER "YES" OR "NO" _____

[If your answer to Question 1 is YES, answer Question 2.]

2.  Was his negligence a proximate cause of the accident?

                    ANSWER "YES" OR "NO" _____

3.  Was the driver Robinson negligent?

                    ANSWER "YES" OR "NO" _____

[If you answer to Question 3 is YES, answer Question 4.]

4.  Was his negligence a proximate cause of the accident?

                    ANSWER "YES" OR "NO" _____

[If your answers to Questions 2 and 4 are both YES, answer Question 5.]

5.  Did the negligence of Getz and Robinson concur in causing the accident?

                    ANSWER "YES" OR "NO" _____

[If your answer to Question 2 is NO, answer Question 6.]

6.  Was the driver Getz guilty of contributory negligence?

                    ANSWER "YES" OR "NO" _____

[If your answer to Question 4 is NO, answer Question 7.]

7.  Was the driver Robinson guilty of contributory negligence?

                    ANSWER "YES" OR "NO" _____

## THE JURY RETIRES AND ANSWERS THE FIRST 7 QUESTIONS

If the jury finds both Getz and Robinson negligent, the second issue to be tried before the same jury is as follows:

8. Was Valley Sales Corporation Robinson's employer and was he on its business in the scope of his authority at the time of the accident?

ANSWER "YES" OR "NO" _____

9. Did the plaintiff Ramos have a right to share in the control of Robinson's automobile on the trip?

ANSWER "YES" OR "NO" _____

## THE JURY RETIRES AND DECIDES THESE ISSUES.

———◆———

The third jury issue would be on the amount of damages to which the plaintiff or plaintiffs are entitled to recover.

As I see it, if the jury finds that both Robinson and Getz were negligent and their negligence concurred in causing the accident, we would have to try the second and third issues.

If only Robinson was found negligent and Getz was found free from contributory negligence, we would only try the third jury issue, i. e., Getz's damages against Robinson, since Ramos did not sue Robinson.

If only Getz was found negligent and Robinson was found free from contributory negligence, Robinson and Ramos would both recover, and we would have to try only the third jury issue, namely, Ramos' damages and Robinson's damages.

If only Robinson was found negligent, and Getz was found contributorily negligent, the case is ended because Ramos did not sue Robinson and Valley Sales Corporation.

However, if only Getz is found negligent, and Robinson is found contributorily negligent, we would have to try the second jury issue, and depending on the answers, Ramos' damages against Armoured Carrier (Ramos did not sue Getz).

November 8, 1963
CC: all counsel