Robert L. GUY

v.

Gordon Willis RUDD et al.

Theodore WILSON

v.

Robert L. GUY et al.

v.

EASTERN STAINLESS STEEL
CORPORATION.

Civ. A. Nos. 70–918, 72–33.

United States District Court,
W. D. Pennsylvania.

July 19, 1972.

---

Palkovitz & Palkovitz, McKeesport, Pa., Dennis Harrington, Pittsburgh, Pa., for plaintiffs.

Giles Gaca, James McElligott, Theodore Breault, Pittsburgh, Pa., for defendants.

## OPINION AND ORDER DENYING MOTIONS FOR NEW TRIAL

KNOX, District Judge.

The above actions arose out of an accident involving three tractor-trailer outfits which occurred on September 19, 1968, at approximately 2:00 a.m. on the bridge of the Pennsylvania Turnpike crossing the Allegheny River in Plum Borough, Allegheny County, Pennsylvania. The bridge has two lanes for westbound traffic and two lanes for eastbound traffic with a medial barrier in the center. At the time of the accident, the bridge was wet and slippery. Prior to the happening of the accident, Rudd had been operating a tractor-trailer in a westerly direction. Wilson and Guy had been operating their tractor-trailers in an easterly direction. There was conflicting testimony among the three drivers and the state policeman as to the manner in which this accident occurred.

In general, it appears Rudd went out of control and his outfit, wound up on

top of the medial barrier projecting into one eastbound lane and thereafter there were collisions between Wilson and Guy, Wilson having attempted to pass Guy shortly before impact.

In view of the large number of conflicting claims and crossclaims, this court submitted the case to the jury for a special verdict containing five written interrogatories and the answers thereto by the jury were as follows:

"1. Was the *defendant*, Theodore James Wilson, driver for Eastern Stainless Steel Corporation, guilty of negligence which was a proximate cause of this accident? Answer: Yes.

2. Was the defendant, Gordon Willis Rudd, driver for Universal Oil Products Company, guilty of negligence which was a proximate cause of this accident? Answer: Yes.

3. Was Robert L. Guy, driver for Cooper-Jarrett Motor Freight, Inc., guilty of negligence which was a proximate cause of the accident? Answer: No.

4. Was Robert L. Guy, as plaintiff, guilty of contributory negligence which was a proximate cause of his own injuries? Answer: No."

5. Was Theodore Wilson, as *plaintiff*, guilty of contributory negligence which was a proximate cause of his own injuries? Answer: No."

We ordered that judgments be entered on the special verdict as follows:

1. Guy v. Rudd, Wilson, Eastern Stainless Steel Corporation and Universal Oil Products Co.—$25,000, in favor of Guy.

2. Wilson v. Guy, Cooper-Jarrett, Gordon Rudd and Universal Oil Products Corporation—in favor of defendant and against plaintiff.

3. On crossclaim by Guy and Cooper-Jarrett against Rudd and Universal Oil Products in favor of crossclaimants and against Rudd and Universal Oil Products—$1305.10.

4. Claim by Guy and Cooper-Jarrett against Eastern Stainless Steel Corporation in favor of claimants—$1305.10.

5. As to counterclaim by Guy and Cooper-Jarrett against Wilson, the same having been withdrawn by Guy, judgment in favor of Cooper-Jarrett and against Wilson for $1305.10 with no duplication of recovery.

6. As to crossclaim by Rudd and Universal Oil against Guy and Cooper-Jarrett, judgment in favor of defendants in the crossclaim.

(The amounts given were stipulated by counsel after the verdict on liability was returned.)

Theodore Wilson and Eastern Stainless Steel Corporation together with Rudd and Universal Oil Products Company are now seeking a new trial of all or part of the issues on the ground that the answers to the interrogatories are hopelessly inconsistent and irreconcilable under the law and the evidence in this case.

It is quite clear that the jury, having considered all the evidence, found Wilson guilty of negligence as to Guy since Wilson could not be found guilty of negligence as to Rudd who made no claim of his own. At the same time the jury also found Guy free of contributory negligence in his own case. Similarly, Guy was found free of negligence as a defendant in the claim of Wilson. Further, the jury found that the injuries sustained by Wilson were not the result of contributory negligence on his part. There is no inconsistency in these conclusions.

In Getz v. Robinson, 232 F.Supp. 763 (W.D.Pa.1964) the court held that the verdict finding the driver of the other automobile, who was being sued by a guest in the host automobile and who was suing the host driver, to be negligent but that his negligence was not a proximate cause, and also finding him contributorily negligent were not inconsistent. In that case, the jury's finding

that the other driver was negligent was unnecessary and was held to be mere surplusage.

In an action by a brakeman against his employer, the jury returned a verdict for the plaintiff. On appeal the court held that the lower court properly disregarded as surplusage the jury's finding that the railroad's negligence had been passive, in view of other findings that the conduct of the railroad constituted negligence causing the accident. The court noted that where a special verdict is taken under Rule 49(a), "the trial judge reserves a large measure of control over the judgment to be entered, in the interest of substantial justice between the parties." Ratigan v. New York Central Railroad Company, 291 F. 2d 548 (2d Cir. 1961). See also Rule 58 as to entry of judgment. The Supreme Court has said that in a case of allegedly inconsistent special interrogatories "it is the duty of the courts to attempt to harmonize the answers, if it is possible under a fair reading of them: 'Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way'". It was held that the answers must be reconciled by exegesis if necessary before the court is free to disregard the jury's findings. Gallick v. B&O RR. Co., 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963). In Atlantic & Gulf Stevedores v. Ellerman Lines, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962), the Supreme Court further cautioned that search for one theory of the case which will make the jury's findings inconsistent results in a collision with the Seventh Amendment. The Supreme Court of Pennsylvania has likewise indicated that every reasonable possible intendment is to be made in favor of a jury's findings, and an inconsistency may justifiably be declared to exist only if there is no reasonable theory or conclusion to support the verdict. Hornak v. Pittsburgh Rwys. Co., 433 Pa. 169, 249 A.2d 312 (1969).

■ In the instant case under the evidence and the law, the jury may have found that Wilson was guilty of negligence in over driving his headlights and passing Rudd when a dangerous situation was apparent; they may have found him guilty of negligence in not reducing his speed and allowing Rudd to proceed and then pulling in behind Rudd. The jury may also have found that when Wilson applied his brakes and skidded that this skid and resulting injuries were due to the unusually slippery condition of the road surface. (See page 67 of charge.) Thus Wilson could be guilty of negligence in the happening of the accident but not of contributory negligence proximately causing his own injuries.

For the above reasons, the court finds that the special interrogatories submitted to the jury contain no inconsistency. Findings as to lack of contributory negligence on the part of Wilson as *plaintiff* would only apply if he were entitled to recover which he obviously is not. We therefore treat this finding as a nullity and surplusage. (See pages 51, 54 and 74 of transcript.)

We have considered the decision of the Supreme Court of Pennsylvania in McCay v. Philadelphia Electric Co., 447 Pa. 490, 291 A.2d 759 (1972). This abolishes the prior rule in Pennsylvania holding that contributory negligence in the "slightest degree" bars recovery, see Crane v. Neal, 389 Pa. 329, 132 A. 2d 675 (1957), and conclude that this does not materially affect our situation.

The jury here was instructed in accordance with the "slightest degree" rule, but since the Pennsylvania Court has now said (per Mr. Justice Nix) that the rules determining negligence and contributory negligence are the same, and we are disregarding and treating as surplusage the answer to Question 5, the McCay case does not affect the outcome here.

■■ Another point raised by Wilson in support of his motion for new trial is that the court erred in refusing to allow counsel for Wilson and counsel for his employer both the right to

cross-examine witnesses called in plaintiff's case. Parties having substantially the same interests should not be permitted to examine witnesses in relays. Counsel for these two parties with substantially the same interest were allowed to determine as to each witness who was to cross examine. The cross-examination was vigorous and complete and no substantial harm was done. Such matters are within the sound discretion of the trial judge to prevent harassment of witnesses and to keep cross-examination in due bounds.