**Robert L. GUY**

v.

**Gordon Willis RUDD et al., Appellants in No. 72–1890.**

**Appeal of Theodore James WILSON and Eastern Stainless Steel Corporation, in No. 72–1889.**

**Theodore WILSON, Appellant in Nos. 72–1892, 72–1893,**

v.

**Robert L. GUY et al.**

v.

**EASTERN STAINLESS STEEL CORPORATION.**

**Appeal of Gordon Willis RUDD and Universal Oil Products Company, in No. 72–1891.**

**Nos. 72–1889 to 72–1893.**

United States Court of Appeals, Third Circuit.

Argued May 14, 1973.

Decided June 15, 1973.

---

Robert Palkovitz, Palkovitz & Palkovitz, McKeesport, Pa., for Robert L. Guy.

James A. McGregor, Jr., Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for Robert L. Guy and Cooper-Jarrett Motor Freight, Inc.

Norman J. Cowie, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for Theodore James Wilson and Eastern Stainless Steel Corp.

Thomas F. Weis, Weis & Weis, Pittsburgh, Pa., for Gordon Willis Rudd and Universal Oil Products Co.

Dennis C. Harrington, Harrington, Feeney & Schweers, Pittsburgh, Pa., for Theodore Wilson.

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal requires determination of the extent to which allegedly inconsistent answers to interrogatories submitted to a jury were properly harmonized by the district court in entering its judgment. See Gallick v. B & O RR. Co., 372 U.S. 108, 119, 83 S.Ct. 659, 9 L.Ed. 2d 618 (1963); Swift v. Martin, 258 F. 2d 797, 799 (3d Cir. 1958).

The background facts, including the interrogatories submitted to the jury and the judgment entered,[1] are stated as follows in the district court opinion, 345 F.Supp. 1382, denying Motions for New Trial.

> The above actions arose out of an accident involving three tractor-trailer outfits which occurred on September 19, 1968, at approximately 2:00 a. m. on the bridge of the Pennsylvania Turnpike crossing the Allegheny River in Plum Borough, Allegheny County, Pennsylvania. The bridge has two lanes for westbound traffic and two lanes for eastbound traffic with a medial barrier in the center. At the time of the accident, the bridge was

1. The damage amounts were stipulated by the parties (N. T. 85 of Document 33).

wet and slippery. Prior to the happening of the accident, Rudd had been operating a tractor-trailer in a westerly direction. Wilson and Guy had been operating their tractor-trailers in an easterly direction. There was conflicting testimony among the three drivers and the state policeman as to the manner in which this accident occurred.

In general, it appears Rudd went out of control and his outfit, wound up on top of the medial barrier projecting into one eastbound lane and thereafter there were collisions between Wilson and Guy. Wilson having attempted to pass Guy shortly before impact.

In view of the large number of conflicting claims and crossclaims, this court submitted the case to the jury for a special verdict containing five written interrogatories and the answers thereto by the jury were as follows:

"1. Was the *defendant*, Theodore James Wilson, driver for Eastern Stainless Steel Corporation, guilty of negligence which was a proximate cause of this accident? Answer: Yes.

2. Was the defendant, Gordon Willis Rudd, driver for Universal Oil Products Company, guilty of negligence which was a proximate cause of this accident? Answer: Yes.

3. Was Robert L. Guy, driver for Cooper-Jarrett Motor Freight, Inc., guilty of negligence which was a proximate cause of the accident? Answer: No.

4. Was Robert L. Guy, as plaintiff, guilty of contributory negligence which was a proximate cause of his own injuries? Answer: No.

5. Was Theodore Wilson, as *plaintiff*, guilty of contributory negligence which was a proximate cause of his own injuries? Answer: No."

We ordered that judgments be entered on the special verdict as follows:

1. Guy v. Rudd, Wilson, Eastern Stainless Steel Corporation and Universal Oil Products Co.—$25,000. in favor of Guy.

2. Wilson v. Guy, Cooper-Jarrett, Gordon Rudd and Universal Oil Products Corporation—in favor of defendant and against plaintiff.

3. On crossclaim by Guy and Cooper-Jarrett against Rudd and Universal Oil Products in favor of crossclaimants and against Rudd and Universal Oil Products—$1305.10.

4. Claim by Guy and Cooper-Jarrett against Eastern Stainless Steel Corporation in favor of claimants—$1305.10.

5. As to counterclaim by Guy and Cooper-Jarrett against Wilson, the same having been withdrawn by Guy, judgment in favor of Cooper-Jarrett and against Wilson for $1305.10 with no duplication of recovery.

6. As to crossclaim by Rudd and Universal Oil against Guy and Cooper-Jarrett, judgment in favor of defendants in the crossclaim.

(The amounts given were stipulated by counsel after the verdict on liability was returned.)

Theodore Wilson and Eastern Stainless Steel Corporation together with Rudd and Universal Oil Products Company are now seeking a new trial of all or part of the issues on the ground that the answers to the interrogatories are hopelessly inconsistent and irreconcilable under the law and the evidence in this case.

It is quite clear that the jury, having considered all the evidence, found Wilson guilty of negligence as to Guy since Wilson could not be found guilty

of negligence as to Rudd who made no claim of his own. At the same time the jury also found Guy free of contributory negligence in his own case. Similarly, Guy was found free of negligence as a defendant in the claim of Wilson. Further, the jury found that the injuries sustained by Wilson were not the result of contributory negligence on his part.

Although neither counsel for Wilson as plaintiff nor counsel for Wilson and Eastern Stainless Steel Corporation (Eastern) as defendants asked the trial judge after the jury's verdict was taken to return the jury for further consideration of its answers to questions 1 and 5,[2] they both requested the withdrawal of a juror and a new trial due to an inconsistent verdict (N.T. 73 of Document 33). Counsel for the other parties asked that the trial judge mold the verdict disregarding the answer to question 5 as unnecessary, in view of the answer to question 1. The trial judge adopted this course, taking the position that there was no inconsistency between the answers to questions 1 and 5.

After careful consideration of the record, we have concluded that the answers to interrogatories 1 and 5 are so inconsistent that the judgments entered against Wilson and his employer, Eastern, must be vacated. We cannot agree with the trial judge's suggestion that the jury may have found that the slippery conditions of the road resulting from rain, excessive tar used in patching the road surface, and gasoline from the damaged extra gasoline container of Rudd's vehicle were the sole causes of the injuries to Wilson, eliminating as such a cause his negligence in colliding with Guy's tractor. There is no suggestion in the charge or elsewhere in the contentions of counsel in the trial record that specifically directed the attention of the jury to this possibility.[3] However, no convincing reason has been advanced for depriving Guy and Cooper-Jarrett of the jury's findings in their favor that do not directly affect Wilson and Eastern.

If questions of the type used by the district court in this case are to be submitted to a jury, language such as the following should be inserted at the end of questions such as question 1:

If the answer to question 1 is "yes," please do not answer question 5. If your answer to question 1 is "no," please answer question 5.

See, for example, Cooper v. D/S A/S Progress, 188 F.Supp. 578, 580–581 (E.D.Pa.1960).

The district court judgment in Civil Actions Nos. 70–918 and 72–33 (filed as Document 27 in No. 72–33) will be amended (A) by deleting the words "Theodore James Wilson and Eastern Stainless Steel Corporation" from the

2. No objection was made by any of the counsel to the questions which had been prepared by the trial judge (N. T. 10 of Document 33). Counsel for Wilson and Eastern as defendants did suggest that the questions be rephrased to separate the existence of negligence on the part of the two drivers who were plaintiffs from the causation of this negligence with respect to the harm to others and to themselves (N. T. 16–17 of Document 33). Although the trial judge suggested elimination of questions 4 and 5 concerning contributory negligence, counsel for Rudd and Universal Oil Products Co. (Universal) refused to agree to this suggestion (N. T. 14 of Document 33).

3. The statement in the charge that the assured clear distance ahead rule (75 P.S. § 1002(a)) would not apply "to the possibility of oil being on the pavement creating a slippery condition which a driver could not anticipate," because it might be so deceptive in appearance that a reasonably careful driver would not have realized its presence until he was actually upon it (N. T. 67 of Document 33), which is referred to by the judge in his opinion, did not focus the jury's attention on the possibility of their finding one cause of the collision between the Wilson and Guy vehicles and a completely separate cause of Wilson's injuries.

last paragraph of page 1 referring to Civil Action No. 70–918; (B) by deleting the words "Gordon Rudd and Universal Oil Products Corporation" in the first paragraph on page 2 of such Document 27 referring to Civil Action No. 72–33; and (C) by deleting the last two complete paragraphs on page 2 of such judgment.[4] In view of the inconsistent verdict as to Wilson's negligence and contributory negligence, the cases will be remanded for a new trial[5] as to the issue of Wilson's negligence and its causative effect on such of these claims as are not withdrawn by the parties:

(1) Claim of Guy against Wilson and Eastern in Civil Action No. 70–918.

(2) Claim of Wilson against Rudd and Universal in Civil Action No. 72–33.

(3) Claim of Guy and Cooper-Jarrett against Eastern, as third-party defendant in Civil Action No. 72–33.

(4) Counterclaim of Guy and Cooper-Jarrett against Wilson in Civil Action No. 72–33.

---

4. The district court judgment as so amended will read as follows:

AND NOW, to wit, March 8, 1972, this action having come on for trial before the court and a jury and the issues having been duly tried and the jury having rendered a special verdict copy of which is attached hereto,

IT IS ORDERED AND ADJUDGED that in Civil Action No. 70–918, judgment be entered in favor of the plaintiff Robert L. Guy and against the defendants Gordon Willis Rudd and Universal Oil Products Company in the sum of $25,000.

IT IS FURTHER ORDERED AND ADJUDGED that in Civil Action No. 72–33, in the claim of Theodore Wilson against defendants Robert L. Guy and Cooper-Jarrett Motor Freight, Inc., that judgment be entered in favor of such defendants and against the plaintiff.

IT IS FURTHER ORDERED AND ADJUDGED that in Civil Action 72–33 on the crossclaim by defendants Guy and Cooper-Jarrett Motor Freight against Gordon Rudd and Universal Oil Products Corporation that judgment be entered in favor of Robert L. Guy

and Cooper-Jarrett Motor Freight, Inc. and against Gordon Willis Rudd and Universal Oil Products Corporation in the amount of $1305.10.

IT IS FURTHER ORDERED AND ADJUDGED in Civil Action No. 72–33 with respect to the cross-claim by defendants Rudd and Universal Oil Products vs. defendants Guy and Cooper-Jarrett that judgment be entered in favor of the defendants in the cross-claim Robert L. Guy and Cooper-Jarrett Motor Freight, Inc. and against the cross claimants Gordon Rudd and Universal Oil Products Corporation.

IT IS FURTHER ORDERED AND ADJUDGED in both of said actions that said judgments be and hereby are entered with costs to the successful party or parties.

5. The determination of the jury in this case as to Guy's freedom from negligence and contributory negligence and the negligence of Rudd, driver for Universal Oil Products Corporation, shall be binding upon the parties in the new trial. See Curtis v. A. Garcia y Cia, 272 F.2d 235, 238 (3d Cir. 1959).